IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANTONIO SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY WILLIAMS, Warden; JAMES DEAL, Deputy Warden of Security; WAYNE JOHNSON, Deputy Warden of Care and Treatment; ERIC SMOKES, Unit Manager; JOHNNY DAVIS, Lieutenant; RONNIE BYNUM, Lieutenant and DHO; CURTIS WHITFIELD, Sergeant of CERT Team; ANTONIO ABALOS, C.O. II of CERT Team; JOHNATHAN SANTIAGO, C.O. II of CERT Team; ZECHARIAH JONES, C.O. II of CERT Team; GRIFFIN, C.O. II of CERT Team; and ANDREW MCFARLANE, Captain,<br><br>Defendants. | CIVIL ACTION NO.: CV614-111 |

## ORDER

Plaintiff, an inmate at Smith State Prison in Glennville, Georgia, filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.* contesting conditions of his confinement. (Doc. 1.) On April 29, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") after conducting a frivolity review pursuant to 28 U.S.C. § 1915A. (Doc. 9.) The Magistrate Judge recommended dismissal of Plaintiff's official capacity claims against all Defendants, sexual abuse claims, stand-alone verbal threat claims, substantive due process claims, and deprivation of property claims. Id. The R&R also recommended dismissal of Plaintiff's monetary damages claim

pursuant to the RLUIPA against Defendants Curtis Whitfield, Johnathon Santiago, Antonio Abolos, and FNU Griffin. Id. The Magistrate additionally recommended that the Court deny Plaintiff's request for a preliminary injunction. Id.

The Magistrate Judge instructed Plaintiff to file any objections to the R&R within fourteen days of the date that the R&R was entered. (Id. at 20-21.) The R&R explained that failure to file a timely objection will bar any later challenge or review to the factual findings or legal conclusions of the Magistrate Judge. (Id. (citing 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985)).) Plaintiff failed to file any objections to the R&R by the deadline, and the undersigned adopted the R&R as the opinion of the Court on June 1, 2015. (Doc. 21.)

On June 11, 2015, the Clerk of Court docketed a letter from Plaintiff stating that he received a copy of the Court's June 1, 2015 Order adopting the R&R but that he never received a copy of the R&R. (Doc. 25.) Consequently, in an abundance of caution, the Court vacated its Order adopting the R&R and provided Plaintiff with an additional fourteen days to file any objections to the R&R. (Doc. 30.) At the Court's direction, the Clerk of Court mailed Plaintiff a copy of the R&R. Id.

Despite having been provided additional time to object to the R&R, Plaintiff has failed to file any objections. The Court notes that Plaintiff has filed other pleadings in this case including an Objection to Defendant's Waiver of Reply and a Letter Motion for Copies. (Docs. 34, 35.) Thus, Plaintiff's failure to object is not due to any inability to receive or file pleadings.

Therefore, after a *de novo* review of the entire record, and with no objections having been filed to the Magistrate Judge's April 29, 2015 R&R, the undersigned concurs with the R&R and adopts it as the Order of the Court. Plaintiffs official capacity claims against all Defendants, sexual abuse claims, stand-alone verbal threats claims, substantive due process claims, and

deprivation of property claims, as well as his monetary damages claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, et seq., against Defendants Curtis Whitfield, Johnathan Santiago, Antonio Abalos, and FNU Griffin are **DISMISSED**. Plaintiff's request for the issuance of a preliminary injunction is **DENIED** at this time. Plaintiff's claims remain pending against the following Defendants: Bynum (procedural due process and retaliation); Whitfield, Abalos, and Santiago (excessive force, deliberate indifference, retaliation, religion claims, and Fourth Amendment); Williams, Deal, McFarlane, and Smokes (excessive force, deliberate indifference), Griffin (deliberate indifference and religion claims); Davis (retaliation and religion claims); Jones (retaliation); and Johnson (excessive force and retaliation).

The parties are reminded to follow the directives set forth in the Magistrate Judge's Order dated April 29, 2015. (Doc. 9.)

**SO ORDERED**, this 17th day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA