IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO SIMMONS,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-111

## ORDER

Presently before the Court are Defendants' Objections to the Magistrate Judge's Report and Recommendation dated August 9, 2017. (Doc. 94.) After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. (Doc. 93.) Accordingly, the Court **OVERRULES** Defendants' Objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

## BACKGROUND

Plaintiff, an inmate housed at Smith State Prison in Glennville, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, on October 15, 2014, contesting certain conditions of his confinement. In addition, Plaintiff filed a Motion for Default Judgment, (doc. 46), Motions for Judgment as a Matter of Law, (docs. 71–73, 75), and a Motion for Injunction, (doc. 83). Defendants filed a Motion to Dismiss on October 9, 2015. (Doc. 41.) On August 9, 2017, the Magistrate Judge recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss. Specifically, the Magistrate Judge recommended that the Court

dismiss Plaintiff's retaliation and forced shaving claims, procedural due process claims, RLUIPA, First Amendment, and Fourth Amendment claims for monetary relief, as well as his Eighth Amendment conditions of confinement claims. (Doc. 93, pp 2–3.) However, the Magistrate Judge recommended that the Court deny Defendants' Motion to Dismiss as to Plaintiff's RLUIPA, First Amendment claims, and Fourth Amendment claims for injunctive and declaratory relief, Eighth Amendment excessive force, failure to intervene, and deliberate indifference claims, and Plaintiff's supervisory liability claims. (Id.) The Magistrate Judge further recommended that that the Court deny Plaintiff's Motion for Default Judgment, (doc. 46), Motions for Judgment as a Matter of Law, (docs. 71–73, 75), and Motion for Injunction, (doc. 83).

## DISCUSSION

In their Objections, (doc. 94), Defendants aver that the Magistrate Judge did not consider their arguments for dismissal of Plaintiff's claims for injunctive relief and erroneously recommended that Plaintiff's claims for injunctive relief proceed. Defendants primarily argue that the Prison Litigation Reform Act ("PLRA") bars Plaintiff's claims for injunctive relief, because his requests are not narrowly drawn, nor are they the least inclusive means necessary to correct the alleged violations of his federal rights. Defendants maintain that Plaintiff's requests for injunctive relief "essentially seek[ ] to make the Court the administrator responsible for the day-to-day management of the security measures in place at Smith State Prison" and, therefore, are subject to dismissal. (Id. at pp. 3–4.)

The PLRA provides that a court may "not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation

2

of the Federal right." See 18 U.S.C. § 3626. Accordingly, as Defendants argue in their Objections, any injunctive relief granted to Plaintiff must be narrowly drawn and extend no further than necessary to remedy Plaintiff's violation. However, Defendants' objection is premature at this stage. The Magistrate Judge did not recommend that the Court enjoin Defendants from engaging in any behavior or order that officials at Smith State Prison enact or change any policy. Rather, the Magistrate Judge determined that Plaintiff stated a viable claim under Federal Rule of Civil Procedure 12(b)(6) for which injunctive relief may be granted at a later date. See Lynch v. Lewis, No. 7:14-CV-24, 2015 WL 1296235, at *5 (M.D. Ga. Mar. 23, 2015) ("In their motions to dismiss Defendants assert that Plaintiff's claim for injunctive relief is overly broad . . . . The magistrate [judge] denied Defendants' motion on this basis, finding that 'any restriction or elimination of the injunctive relief sought by Plaintiff would be premature at this point.'").

Moreover, while the PLRA requires that the Court fashion relief that is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct the violation of the Federal right, the Court still retains discretion to fashion relief within those guidelines. "[W]hen district courts are properly acting as courts of equity, they have discretion [to fashion injunctive relief] unless a statute clearly provides otherwise." United States v. Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 496 (2001). See Lamarca v. Turner, 995 F2d 1526, 1543 (11th Cir. 1993): ("[D]istrict courts have broad discretion to fashion equitable relief[.]"); Thomas v. Bryant, 614 F.3d 1288, 1323 n.33 (11th Cir. 2010) ("[T]he [district] court acknowledged that it [ ] had a duty to fashion appropriate injunctive relief, obviously with reference to the needs-narrowness-intrusiveness requirement" of the PLRA.). The PLRA will guide the scope of any injunctive relief the Court may impose. However, it does not require that

the Court dismiss any and all claims for injunctive relief at this stage. The Court may fashion appropriate relief at a later date, should Plaintiff ultimately prevail on his claims.[1]

## CONCLUSION

Accordingly, after an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Therefore, the Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. (Doc. 41.)

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's retaliation and forced shaving claims, due to his failure to exhaust those claims. The Court also **GRANTS** Defendants' Motion to Dismiss Plaintiff's procedural due process claims for failure to state a claim, Plaintiff's RLUIPA, First Amendment, and Fourth Amendment claims for monetary relief, and Plaintiff's Eighth Amendment conditions of confinement claims.

The Court **DENIES** Defendant's Motion to Dismiss Plaintiff's RLUIPA, First Amendment, and Fourth Amendment claims for injunctive relief, Eighth Amendment excessive force, failure to intervene, and deliberate indifference to medical needs claims, and Plaintiff's supervisory liability claims. Accordingly, those claims remain pending. The Court **DENIES** Plaintiff's Motion for Default Judgment, (doc. 46), **DENIES** Plaintiff's Motions for Judgment as

---

[1] As noted above, Defendants object that the Magistrate Judge "misstated that Defendants had not sought dismissal of Plaintiff's injunctive claims," (doc. 94, p. 2). However, a review of the Report and Recommendation reveals that the Magistrate Judge acknowledged and considered Defendants' arguments as to Plaintiff's claims for injunctive relief. First, the Magistrate Judge specifically noted that "[d]efendants maintain . . . Plaintiff is not entitled to injunctive relief." (doc. 93, p. 8). The Magistrate Judge then analyzed why Plaintiff's claims for injunctive relief should proceed within his discussion of Defendants' qualified immunity arguments. The Magistrate Judge's observation that "Defendants ma[d]e no independent argument, such as mootness, regarding Plaintiff's claims for declaratory or injunctive relief" pertained to Defendants' qualified immunity arguments. This observation was correct. Accordingly, this objection is without merit.

4

a Matter of Law, (docs. 71–73, 75), and **DENIES** Plaintiff's Motion for Injunction, (doc. 83). The parties are reminded to follow the directives set forth in the Magistrate Judge's Order dated August 9, 2017. (Doc. 93.)

**SO ORDERED**, this 20th day of September, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA