# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ANTONIO SIMMONS,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; JAMES DEAL; WAYNE JOHNSON; ERIC SMOKES; JOHNNY DAVIS; RONNIE BYNUM; CURTIS WHITFIELD; ANTONIO ABALOS; JOHNATHAN SANTIAGO; ZECHARIAH JONES; PAUL GRIFFIN; and ANDREW MCFARLANE,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-111

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion to Compel and to Extend the Discovery Period. (Doc. 100) Plaintiff did not file a responsive pleading. I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking the dismissal of Plaintiff's Complaint. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion to Compel and **GRANTS IN PART** Defendant's Motion to Extend the Discovery Period.

## BACKGROUND

Plaintiff brought this 42 U.S.C. § 1983 action on October 15, 2015, alleging Defendants violated Plaintiff's First, Fourth, and Eighth Amendment constitutional rights, as well as his rights under the Religious Land Use and Institutionalized Persons Act. (Doc. 1.) Plaintiff seeks compensatory and punitive damages and injunctive relief. (Id.) Many of Plaintiff's claims

survived frivolity review, (doc. 9), and Defendants moved to dismiss, (doc. 41). On August 9, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Docs. 93, 95.) Defendants filed their Answer on October 16, 2017, (doc. 96), and the Court then issued a Scheduling Order on December 5, 2017, (doc. 98), setting January 18, 2018, as the discovery deadline; January 25, 2018, as the dispositive motions deadline; and March 1, 2018, as the pretrial order deadline.

Defendants noticed Plaintiff for deposition on December 29, 2017, at 8:15 a.m. at the Bulloch County Judicial Annex in Statesboro, Georgia. (Doc. 100-2, pp. 7–9.) Defendants mailed their notice by regular and certified mail to the address Plaintiff provided the Court upon release from prison.[1] (Docs. 97, 100-2, p. 10–12.) In his address update notice, Plaintiff states he is currently homeless and that the address he provided is that of a relative who has agreed to apprise Plaintiff of any legal mail. (Doc. 97.) Plaintiff, however, failed to appear for his deposition, despite Defendants' counsel and the court reporter waiting more than forty-five minutes for his arrival past the scheduled time. (Doc. 100-2, pp. 3–4.) Defendants submit that Plaintiff neither contacted them prior to the deposition nor after his failure to appear at the scheduled deposition. (Doc. 100-1, p. 2.) In light of Plaintiff's failure to appear at his noticed deposition, Defendants move for dismissal, or in the alternative, for an order compelling Plaintiff to appear and a forty-five day extension of discovery. (Doc. 100-1, p. 4.)

## DISCUSSION

**I.   Motion to Dismiss**

Defendants contend the Court should dismiss Plaintiff's case as a sanction for his failure to appear at his deposition. (Id. at, p. 2.) In the frivolity review Order, I advised Plaintiff that

---

[1] Defendants' certified letter of deposition notice was received and signed for at the address Plaintiff provided the Court. (Doc. 100-2, p. 12.)

"[u]pon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action," and warned that "[f]ailing to answer questions at the deposition or giving evasive or incomplete responses to questions . . . may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>." (Doc. 10, p. 24 (emphasis in original).) Federal Rule of Civil Procedure 37 authorizes courts to sanction parties who do not comply with a court's discovery orders by, among other things, dismissing their case. See Fed. R. Civ. P. 37(b)(2)(A)(v). The Local Rules of this Court, in addition to the Federal Rules of Civil Procedure, further provide that a Plaintiff's cause of action may be dismissed in the event Plaintiff fails to press his case forward. Fed. R. Civ. P. 41; Local R. 41.1.

Although the Court has instructed Plaintiff regarding his discovery obligations and has forewarned him of the possibility of sanctions for neglecting those obligations, the Court should not dismiss his case at this juncture. In light of Plaintiff's current homelessness and the inherent difficulty of communication by mail that brings, the Court finds an additional warning to be warranted. Moreover, Federal Rule of Civil Procedure 37(b)(2) authorizes dismissal as a sanction when a party disobeys a discovery order, and the Court has yet to issue a specific discovery order regarding this matter. Accordingly, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal of Plaintiff's cause of action at this time. However, Plaintiff is forewarned that his future failure to participate in discovery will warrant the dismissal of this action.

## II.     Alternative Motion to Compel and Extend Discovery

In the alternative to dismissal, Defendants move to compel Plaintiff to submit to a deposition. (Doc. 100-1, p. 4.) Defendants state they have attempted to conduct discovery in

good faith and that Plaintiff has not contacted them at all regarding this deposition. (Id. at pp. 2, 3.) Federal Rule of Civil Procedure 37(a)(1) authorizes courts to compel discovery. Plaintiff failed to appear at his noticed deposition on December 29, 2017, and failed to otherwise communicate with Defendants regarding his attendance at the deposition. After careful consideration and for good cause shown, the Court **GRANTS** this portion of Defendants' Motion. The Court **ORDERS** Plaintiff to appear at his next scheduled deposition and to confer with Defendants' counsel to schedule a prompt date to complete that deposition. Should Plaintiff fail to appear or otherwise fail to fulfill his discovery obligations in good faith, the Court may dismiss his cause of action for disobeying this Court's Order and for failure to prosecute his case. To this end, Defendants may file a renewed motion to dismiss in the event Plaintiff fails to appear at his next scheduled deposition.

Discovery is set to close on January 18, 2018, and dispositive motions are due to be filed on or before January 25, 2018. Defendants request a forty-five extension of these deadlines. The Court **GRANTS in part** this Portion of Defendant's Motion. The Court **ORDERS** that the current discovery and dispositive motion deadlines are each extended by fourteen (14) days.

## CONCLUSION

For the reasons and in the manner set forth above, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal of Plaintiff's Complaint. The Court **GRANTS** Defendant's Motion to Compel and **GRANTS IN PART** Defendant's Motion to Extend the Discovery Period.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED**, this 12th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA