# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ANTONIO SIMMONS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-111 |
| v. | |
| WARDEN STANLEY WILLIAMS; JAMES DEAL; WAYNE JOHNSON; ERIC SMOKES; JOHNNY DAVIS; RONNIE BYNUM; CURTIS WHITFIELD; ANTONIO ABALOS; JOHNATHAN SANTIAGO; ZECHARIAH JONES; PAUL GRIFFIN; and ANDREW MCFARLANE, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Orders, (docs. 101, 104), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, (doc. 103), and **DISMISS without prejudice** Plaintiff's claims for his failure to comply with his discovery obligations, failure to follow the Court's directives, and failure to prosecute. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

On October 15, 2014, Plaintiff, proceeding *pro se*, filed a Complaint contesting certain conditions of his confinement while incarcerated at Smith State Prison in Glennville, Georgia.

(Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*, which the Court granted on October 16, 2014. (Docs. 2, 4.)

After the requisite frivolity review of Plaintiff's Complaint, I concluded that Plaintiff set forth viable First Amendment, Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, claims against Defendants. (Doc. 9.) I ordered service of Plaintiff's Complaint and also provided instructions to Plaintiff regarding the prosecution of this action. (Id. at pp. 20–25.) The Court instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at pp. 24–25.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within fourteen (14) days of service of such a motion. (Id.) The Court further explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion. (Id.) Additionally, the Court advised Plaintiff that failure to respond could result in his case being dismissed for lack of prosecution. (Id.) Finally, the Court warned Plaintiff that failure to fully cooperate in discovery "may subject Plaintiff to severe sanctions, including dismissal of this case." (Id. (emphasis in original).)

Defendants filed their first Motion to Dismiss on October 9, 2015, to which Plaintiff filed a Response in opposition. (Docs. 41, 54.) The Court issued a stay for the pendency of Defendants' Motion to Dismiss. (Doc. 44.) Following a series of motions and filings by Plaintiff, the Court granted in part and denied in part Defendants' Motion to Dismiss on August 9, 2017. (Doc. 93.) After Defendants filed their Answer, the Court lifted the stay and issued a scheduling order with a discovery deadline of January 18, 2018. (Docs. 96, 98, 99.)

On January 11, 2018, Defendants filed a Motion to Dismiss, or in the Alternative, Motion to Compel and to Extend the Discovery Period. (Doc. 100.) Defendant's filed this Motion

because Plaintiff failed to appear for his noticed deposition and failed to communicate whatsoever with Defendants about this scheduled deposition. (Doc. 100, p. 2; Doc. 100-2.) The Court denied in part and granted in part Defendants' Motion, ordering Plaintiff to appear for his next scheduled deposition and granting an extension of discovery. (Doc. 101.) In its Order, the Court advised that the Federal Rules of Civil Procedure authorize dismissal as a sanction for disobeying discovery orders and forewarned Plaintiff in no uncertain terms "that his failure to participate in discovery will warrant the dismissal of this action." (Id.) Yet again, Plaintiff failed to appear for his noticed deposition, (doc. 103-2), and Defendants filed another Motion to Dismiss as a result, (doc. 103).

On February 13, 2018, out of an abundance of caution, the Court deferred ruling on Defendants' Motion and ordered Plaintiff to "file any response in opposition to Defendants' Motion for a dismissal or to inform the Court of his decision not to oppose" within fourteen (14) days. (Doc. 104.) The Court again alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume he does not oppose the Motion. (Id.) In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. (Id.) Plaintiff, however, has not filed a response to Defendants' Motion to Dismiss.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his discovery obligations, his failure to respond to Defendants' Motion to Dismiss, and his failure to prosecute. In light of Plaintiff's trifecta of error and for the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss,

3

**DISMISS without prejudice** Plaintiff's Complaint, and **DENY** him leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Appear At Noticed Deposition**

Federal Rule of Civil Procedure 37(d) authorizes district courts to sanction a party who, after being served with proper notice, fails to appear for his deposition. A court may dismiss an action as a sanction for the party's failure to appear for a noticed deposition. Fed. R. Civ. P. 37(d)(3), (b)(2)(A)(v). "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." Hashemi v. Campaigner Publ'ns, Inc., 737 F.2d 1538, 1538–39 (11th Cir. 1984) (upholding dismissal pursuant to Fed. R. Civ. P. 37(d)). However, the court "retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." Id. at 1539 (citation omitted); see also Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (the plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice).[1] In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2291 (2d ed. 1995).

Under Federal Rule of Civil Procedure 41(b), a "district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule," but a dismissal with prejudice is "a sanction of last resort." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). In dismissing a case under Rule 41(b), the Court considers whether (1) the party has exhibited a clear record of delay or (2) has been willfully contempt, and whether lesser sanctions would not suffice. Id. (citation omitted). Dismissal pursuant to Rule

---

[1] All decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Moreover, where a litigant has failed to comply with discovery rules and related court orders, dismissal under Rules 37(d) and 41(b) is coextensive. See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913–15 (11th Cir. 2010) (per curiam) (upholding magistrate judge's dismissal under either Rule 37(d) or 41(b) where the party failed to appear at his noticed deposition and failed to timely respond to other discovery requests after the court previously denied the defendant's first sanctions motion and warned the party that dismissal would be warranted for subsequent discovery violations); Reed v. Fulton Cty. Gov't, 170 F. App'x 674, 675–676 (11th Cir. 2006) (affirming dismissal under Rules 37(d) and 41(b) where the *pro se* party failed to appear at his deposition and disregarded the court's order compelling him to do so).

In this case, Plaintiff's willful disobedience of the Federal Rules of Civil Procedure regarding discovery and this Court's discovery Orders is abundantly clear. As Defendants point out in their Motion to Dismiss, Plaintiff missed not one, but two noticed depositions, the second being scheduled approximately five miles from Plaintiff's address of record. (Doc. 103-1, pp. 2–3.) Plaintiff failed to communicate with Defendants and shirked his obligation to conduct discovery in good faith. Even more egregious, Plaintiff disobeyed this Court's Order compelling his deposition appearance, (doc. 101), and failed to heed the Court's ample warnings of dismissal for his failure to participate in discovery, (id. at pp. 3, 4; doc. 9, pp. 24–25). Plaintiff's repeated disregard and absent behavior have wasted precious judicial resources and shown willful contempt. Given Plaintiff's total failure to engage in discovery and failure to comply with this Court's Orders, a lesser sanction than dismissal will not do.

Accordingly, the Court should **GRANT** Defendants' unopposed Motion to Dismiss, (doc. 103), and **DISMISS without prejudice** Plaintiff's case.

**II.     Dismissal for Failure to Prosecute and Follow this Court's Orders**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on multiple occasions that his failure to respond to the Motion to Dismiss would result in dismissal of this action.

6

sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court advising Plaintiff on multiple occasions of his obligation to respond to Defendants' Motion to Dismiss and the consequences for failing to respond, (docs. 9, 45, 104), Plaintiff has not filed any opposition to Defendants' current Motion. Indeed, other than twice updating his address, Plaintiff has not taken any action in this case in over seven months. Thus, it is clear that Plaintiff has ignored his obligations to prosecute this case and to follow this Court's directives. Accordingly, Plaintiff's failure to follow this Court's Orders and his failure

to prosecute his case provide independent, additional grounds for the Court to **DISMISS** Plaintiff's case.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to comply with discovery, failure to follow this Court's directives, and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, (doc. 103), and **DISMISS without prejudice** Plaintiff's claims for his failure to comply with his discovery obligations, failure to follow the Court's directives, and failure to prosecute. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court is to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA